# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL T. DODSON,**

        Plaintiff,

v.                                               Civil Action No. 3:13-CV-149
                                               (BAILEY)

**EVERETT BOOBER, individually
and in his capacity as Sheriff of
Jefferson County, West Virginia, et al,**

        Defendants.

## ORDER

The plaintiff, Michael T. Dodson, a former deputy sheriff with the Jefferson County Sheriff's Department, filed this action pursuant to 42 U.S.C. § 1983 on October 18, 2013 against two former Sheriffs of Jefferson County, the current Sheriff of Jefferson County, several members of the Deputy Sheriff's Civil Service Commission for Jefferson County, several members of the Jefferson County Commission, and John Griffith, a polygraph examiner who was a contractor for the Jefferson County Sheriff's Department. The plaintiff alleges violations of his procedural and substantive due process rights. The case is currently before the Court on the defendants' Motions to Dismiss [Docs. 5, 9], including a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, a motion for summary judgment [Doc. 9]. For the following reasons, the defendants' Motions will be GRANTED.

**I.    Background**

    **A.    Factual Allegations**

The plaintiff was employed as a deputy sheriff in Jefferson County, West Virginia,

until his termination on January 6, 2009. The plaintiff was terminated by then-Sheriff Robert Shirley, as a result of predecessor Sheriff Everett Boober's internal investigation regarding sexual conduct between the plaintiff and another officer between 2005 and 2008.

During the course of the internal investigation, the plaintiff took a polygraph examination and was subject to interrogation, which the plaintiff contends were not done in accordance with state law and state and Sheriff's Department regulations. As a result of the investigation, Sheriff Boober determined that some of the sexual encounters between the plaintiff and another officer had taken place in or on Jefferson County property and in a county cruiser, while one or both officers were on duty, and that the plaintiff had not been truthful during the investigation. As a result, in August 2008, Sheriff Boober informed the plaintiff that he would be terminated.

A pre-disciplinary review board was impaneled but never conducted. During that time, Sheriff Boober was replaced by Sheriff Shirley. Sheriff Shirley discharged the plaintiff from employment without conducting a pre-disciplinary hearing. The plaintiff was given an evidentiary hearing before the Civil Service Commission within ten days of his termination. The Civil Service Commission upheld the decision to discharge the plaintiff. The plaintiff appealed the decision, which was upheld by the Circuit Court of Jefferson County on January 6, 2010. On appeal from the Circuit Court's decision, the West Virginia Supreme Court of Appeals reversed and remanded the case for violation of West Virginia Code § 7-14C-3(a), which requires that a civil service police officer be afforded a pre-disciplinary hearing prior to discharge from employment.

Upon remand, the Jefferson County Sheriff's Department and the Jefferson County Commission scheduled a pre-disciplinary hearing. The plaintiff objected to the composition

of the pre-disciplinary hearing board based upon an alleged conflict of a member of the hearing panel. The Jefferson County Circuit Court denied the plaintiff's objection and the West Virginia Supreme Court of Appeals denied the plaintiff's appeal. On October 30, 2013, after the plaintiff filed his Complaint with this Court, the Sheriff's Department conducted a pre-disciplinary review board hearing, which found that the Sheriff met the burden of showing just cause for the discharge and upheld the plaintiff's termination.

### B. Procedural History

The plaintiff filed his Complaint in this Court on October 18, 2013 [Doc. 1], alleging violations under 42 U.S.C. § 1983 of his procedural and substantive due process rights under the Constitution. The plaintiff alleges violation of his procedural due process rights by depriving him of his current and future employment as a public employee without procedural due process of law. The plaintiff alleges violation "of his substantive due process right to fair and equal treatment under the law, his property right to continued employment, and his property right to a full and fair predisciplinary hearing." [Id. at 14–16].

The plaintiff alleges a number of issues related to the investigation which led to his termination. First, the plaintiff claims that he was interrogated without the entire interrogation being recorded, as required by West Virginia law [Id. at 6]. Next, the plaintiff claims that he was not advised of his right to counsel during one interrogation in violation of the Jefferson County Sheriff's Department General Orders and West Virginia law [Id. at 7]. The plaintiff also claims that defendant Boober personally made threats of criminal prosecution against the plaintiff in violation of West Virginia law, custom, and usage, in violation of Jefferson County Sheriff's Department regulations, and in violation of "decisional law of the United States Supreme Court" [Id.]. Fourth, the plaintiff claims that

3

he was terminated while another deputy sheriff who was simultaneously engaged in the same acts with the plaintiff received a substantially lower punishment [Id.].  Finally, the plaintiff claims that he was coerced into taking a polygraph involuntarily and that the polygraph was improperly conducted [Id. at 8].

On November 10, 2013, defendant John Griffith answered the Complaint and moved to dismiss the Complaint [Doc. 5].  On November 18, 2013, the remaining defendants filed a Motion to Dismiss [Doc. 9], arguing that the plaintiff failed to state a claim upon which relief can be granted [Doc. 9-1].  In the alternative, the defendants move for Summary Judgment pursuant to Rule 56 [Id.].  Specifically, the defendants argue that 1) the plaintiff was dismissed for just cause and based upon substantial evidence; 2) that he received due process; 3) that he has not pleaded a claim that would establish an unconstitutional custom or policy promoted by any of the defendants; and 4) that he has failed to plead and cannot put forth any evidence to establish that the Sheriff, County Commission, or Civil Service Commission possess final policymaking authority.

The plaintiff responded more than six weeks later, on December 31, 2013 [Doc. 18], significantly beyond the response deadline.  On the same day, the plaintiff filed a motion requesting that the Court consider the response, because sealed attachments filed with the Motion to Dismiss did not reach plaintiff's counsel until "substantially later and beyond the date which Defendants assert a responsive pleading was due." [Doc. 18 at 1].  In the alternative, the plaintiff seeks leave to file out of time [Id. at 2].  The defendants' Reply claims that not only did the plaintiff already have the documents filed under seal in his possession from the underlying proceedings, but that the documents were sent via FedEx overnight and received by the plaintiff on December 5, 2013, 26 days prior to plaintiff's

4

response [Doc. 19].

The defendants replied to plaintiff's substantive arguments on January 8, 2014 [Doc. 20]. The plaintiff filed a surreply on January 17, 2014 [Doc. 24].[1]

## II. Discussion

### A. Motion to Dismiss Standard

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ***Id.*** (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual

---

[1]The Court notes that parties are not permitted to file surreply memoranda except by leave of Court under LR Civ P 7.02(b)(3).

enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 883–84 (2009).[2]

    **B.    42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 imposes civil liability on any person acting under color of law to deprive another person of rights and privileges secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. The first inquiry in a case based on § 1983 is whether the plaintiff has been deprived of a constitutional or federal right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The plaintiff alleges that the defendants terminated him in violation of his rights under the Fifth and Fourteenth Amendments.

**III.    <u>Analysis</u>**

The plaintiff alleges that the defendants violated his Fifth and Fourteenth Amendment rights to substantive and procedural due process. The plaintiff contends that he was deprived "of his employment as a public employee without procedural due process of law and . . . depriv[ed] . . . of his future employment as a public employee without procedural due process of law." [Doc. 1 at 15]. The plaintiff also contends that he was deprived of his "substantive due process right to fair and equal treatment under the law, his property right to continued employment, and his property right to a full and fair disciplinary hearing." [Id. at 15–16].

The defendants move to dismiss on the grounds that 1) the plaintiff was terminated for just cause; 2) the plaintiff has received due process; 3) the plaintiff has not plead a claim that would establish an unconstitutional custom or policy promoted by the Sheriff, the

---

[2] Although the defendants's Motion is entitled a Motion to Dismiss, the defendants also move for Summary Judgment [Doc. 9-1]. The Court need not address the Motion for Summary Judgment as the plaintiff's claims fail as a matter of law.

County Commission, or the Civil Service Commission; and 4) the plaintiff has failed to put forth any evidence to establish that the Sheriff, the County Commission or the Civil Service Commission possess final policymaking authority. The Court need not address arguments 1, 3, or 4 because the plaintiff's claims of procedural or substantive due process violations fail as a matter of law.

### A. Procedural Due Process Violation Claim

The plaintiff alleges that the defendants violated his procedural due process rights "by depriving the plaintiff Michael T. Dodson of his employment as a public employee without procedural due process of law and by depriving the plaintiff Michael T. Dodson of his future employment as a public employee without procedural due process of law." [Doc. 1 at ¶ 30].

In order to prevail on a procedural due process claim, a plaintiff must show: "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." ***Shirvinski v. U.S. Coast Guard***, 673 F.3d 308, 314 (4th Cir. 2012) (quoting ***Kendall v. Balcerzak***, 650 F.3d 515, 528 (4th Cir. 2011)).

The Fourth Circuit has held that "[w]hen the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations." ***Goodrich v. Newport News Sch. Bd.***, 743 F.2d 225, 227 (4th Cir. 1984) (citing ***Atencio v. Board of Education of Penasco Independent School District***, 658 F.2d 774 (10th Cir.1981); ***Bates v. Sponberg***, 547 F.2d 325 (6th Cir.1976)). "The

enforcement of state regulations . . . is to be done through the state court system and not in an action under 42 U.S.C. §§ 1981 and 1983, where no federal constitutional guarantees have been violated." *Id.*

In this case, the parties do not dispute that the plaintiff was given notice of his termination on August 27, 2008 [Doc. 105 at 23]. The parties also do not dispute that the plaintiff was given a pre-disciplinary hearing, albeit not prior to his termination but instead long after his termination. Within ten days of his termination, the plaintiff received an evidentiary hearing before the Civil Service Commission, which upheld his termination [Doc. 9-8]. The plaintiff appealed the decision to uphold his termination to the Circuit Court of Jefferson County, and then to the State of West Virginia Supreme Court of Appeals [Id.]. The Supreme Court of Appeals reversed and remanded the Circuit Court's finding with directions to provide Sergeant Dodson with a predisciplinary hearing. [Id.]. The plaintiff received a pre-disciplinary hearing on October 30, 2013 [Doc. 21 at 3]. "[A] violation of grievance procedures does not necessarily constitute a violation of due process under the Constitution. As the Fourth Circuit has made clear, so long as 'minimal [Fourteenth Amendment] due process requirements of notice and hearing have been met,' a claim that 'an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.' " *Logar v. W. Virginia Univ. Bd. of Governors*, 2013 WL 4501052 (N.D. W.Va. Aug. 21, 2013) (citing *Parker v. Albemarle Cty. Pub. Schools*, 2009 WL 29501 (W.D. Va. Jan. 5, 2009) (internal citations omitted)). The plaintiff received notice of his termination, a pre-disciplinary hearing, and an evidentiary hearing upon his termination. As such, the defendants' alleged failures with respect to the

8

grievance procedures does not rise to the level of a due process violation.

For these reasons, the Court concludes that the plaintiff's procedural due process claim must be dismissed as a matter of law.

### B. Substantive Due Process Violation Claim

The plaintiff alleges that the defendants violated his substantive due process rights "by depriving the plaintiff Michael T. Dodson of his substantive due process right to fair and equal treatment under the law, his property right to continued employment, and his property right to a full and fair predisciplinary hearing."

This Court recently declined to find that continued public employment is a fundamental property interest entitled to substantive due process protection, based on multiple Circuit Courts of Appeals finding the same. **Logar v. W. Virginia Univ. Bd. of Governors**, 2013 WL 4501052 (N.D. W.Va. Aug. 21, 2013).[3] The Court then quoted the

---

[3] See **Am. Fed'n of Govt Employees v. United States**, 330 F.3d 513, 523 (D.C.Cir.2003) ("Neither the Supreme Court nor [the D.C. Circuit] has ever recognized an interest in public employment as fundamental."); **Nicholas v. Pa. State Univ.**, 227 F.3d 133, 142 (3d Cir. 2000) (tenured public employment is not entitled to substantive due process protection); **McKinney v. Pate**, 20 F.3d 1550, 1553, 1560 (11th Cir. 1994) (en banc) (state-created property interest in employment does not give rise to substantive due process claim); **Sutton v. Cleveland Bd. of Educ.**, 958 F.2d 1339, 1350 (6th Cir. 1992) (same); **Kauth v. Hartford Ins. Co. of Ill.**, 852 F.2d 951, 958 (7th Cir. 1988) (same); see also **Shrum v. City of Coweta, Okla.**, 449 F.3d 1132, 1145 (10th Cir. 2006) (Tenth Circuit has yet to decide which property interests in employment are protected by substantive due process); **Dias v. Elique**, 436 F.3d 1125, 1131 n.3 (9th Cir. 2006) (Ninth Circuit has yet to decide whether to recognize substantive due process action for arbitrary and unreasonable termination of government employment); **Huang v. Bd. of Governors of Univ. of N.C.**, 902 F.2d 1134, 1142 n.10 (4th Cir. 1990) (doubtful that state law contract right to position in particular department is subject to substantive due process protection). But see **N.D. State Univ. v. United States**, 255 F.3d 599, 605 (8th Cir. 2001) (tenured professor at state institution had substantive due process to be free from arbitrary and capricious discharge); **Newman v. Massachusetts**, 884 F.2d 19, 24 (1st Cir. 1989) (First Circuit recognizes substantive due process right to be free from arbitrary and capricious actions affecting right

Eighth Circuit, which held that:

> The substantive component of "the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty," such that â€˜neither liberty nor justice would exist if they were sacrificed." **Washington v. Glucksberg**, 521 U.S. 702 (1997) (citations omitted). Justice Powell articulated that "substantive due process rights are created only by the Constitution," unlike procedural due process rights which can be created by either state law or the Constitution. **Ewing**, 474 U.S. at 229 (Powell, J., concurring). For this reason, "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 272 (1994).

*Id.* (quoting **Singleton v. Cecil**, 176 F.3d 419, 424–25 (8th Cir. 1999)). The right which the plaintiff alleges was violated is the right to continued employment and for a full and fair predisciplinary hearing. These rights do not reach the level of a fundamental right such that they are protected by substantive due process.

## IV.    Conclusion

For the foregoing reasons, this Court concludes that the defendants' Motion to Dismiss **[Doc. 9]** should be, and hereby is, **GRANTED**. Accordingly, and this case is hereby **DISMISSED** and removed from the Court's docket. The Clerk is directed to enter judgment for the defendants.

It is so **ORDERED**.

**DATED:** March 19, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

to continued public employment); **Schaper v. City of Huntsville**, 813 F.2d 709, 717 (5th Cir. 1987) (police captain had substantive due process right in continued employment).